UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ROEMAIN BENNETT, | ) |
| Movant, | ) |
| v. | ) CV422-287 |
| | ) CR416-078 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Roemain Bennett was convicted, after he pleaded guilty, of one count of unlawful possession with intent to distribute heroin and ecstasy and one count of possession of firearms in furtherance of a drug trafficking offense. *See* doc. 39 at 1 (Judgment).[1] He was sentenced to 208 months of incarceration and a five-year term of supervised release. *See id.* at 2-3. On April 10, 2017, the Court of Appeals affirmed his conviction and sentence. Doc. 63; *see also United States v. Bennett*, 684 F.App'x 909 (11th Cir. 2017). He now moves to vacate the judgment pursuant to 28 U.S.C. § 2255. *See* doc. 67. Preliminary review, pursuant

---

[1] The Court cites to the criminal docket in CR416-078 unless otherwise noted.

1

to Rule 4 of the Rules Governing Section 2255 Proceedings, shows that his motion should be **DENIED**. Doc. 67.

Bennett asserts three grounds for relief in his Motion. First, he asserts that the District Judge "failed to inform [him] of the nature (elements) of the charges." Doc. 67 at 4. Second, he asserts that his trial counsel rendered ineffective assistance by failing to inform him of the elements of the charges or object to the District Judge's failure. *Id.* at 5. Finally, he asserts that his appellate counsel, who was the same attorney who represented him during the guilt phase, rendered ineffective assistance for failing to raise trial counsel's ineffective assistance on direct appeal. *Id.* at 6.

Before considering the merits of the grounds asserted, the Court must note a peculiarity in the timing of Bennett's Motion. Bennett's Motion states, under penalty of perjury, that he placed his Motion into the prison mailing system on March 4, 2018. *See* doc. 67 at 12. It was not received by the Clerk until December 5, 2022, more than four years later. *See id.* at 1. "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir.

2009). "Absent evidence to the contrary in the form of prison logs or other records, [courts] will assume that [a prisoner's filing] was delivered to prison authorities on the day he signed it . . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Other than the considerable delay between the mailing date and the Clerk's receipt, there is no indication that the Motion was not mailed in March 2018. *See, e.g.,* doc. 67 at 14 (envelope without postmark).[2] Accordingly, the Court assumes the Motion was filed on March 4, 2018, within the one-year statute of limitations. *See, e.g.,* 28 U.S.C. § 2255(f).[3]

The first ground Bennett asserts is meritless. He contends that the District Court never informed him of the elements of the offenses to which he was pleading guilty. *See* doc. 67 at 4. That failure, he contends,

---

[2] The record strongly suggests that Bennett's asserted mailing date is inaccurate, even if it does not directly contradict his assertion. The Court notes that Bennett sent two letters to the Clerk in January 2020. *See* docs. 65 & 66. Those letters seek "a copy of [his] Motion of Discovery." Doc. 65 at 1; *see also* doc. 66 at 1. The envelopes for those letters bear postmarks of January 6, 2020 and January 14, 2020, respectively. *See* doc. 65 at 2, doc. 66 at 2. If his § 2255 Motion had been mailed as he asserts, he would have had no response to it for almost two years when he mailed those letters. The letters, however, do not mention his § 2255 motion and the docket does not reflect *any* inquiry concerning his motion in the more than four years between its purported mailing and its filing.

[3] In asserting the timeliness of his Motion, Bennett ambiguously cites to § 2255(h), which governs second or successive motions. *See* doc. 67 at 10 (citing "28 U.S.C. § 2255F(h)(1)."

3

rendered his plea not knowing or voluntary. *Id.* After pleading guilty, a defendant can only attack his resulting conviction in "strictly limited" circumstances. *Bousley v. United States*, 523 U.S. 614, 621 (1998). A § 2255 challenge to a conviction by guilty plea is "ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative, then the conviction and the plea, as a general rule, foreclose the collateral attack." *United States v. Broce*, 488 U.S. 563, 569 (1989) (finding constitutional that defendant could not raise double jeopardy claim on collateral attack following guilty plea).

Bennett's assertion that the District Judge did not inform him of the elements of the offenses to which he pleaded guilty is contradicted by the transcript of the Rule 11 hearing. *See generally* doc. 53. During that proceeding, after some preliminaries, the District Judge informed Bennett of the counts to which he was pleading guilty and the alleged factual bases. *Id.* at 13-14. He then informed Bennett, that, as to the charge of possession with intent to distribute heroin and Ecstasy, "the government would have to prove that you knowingly possessed controlled substances, and the government would have to prove that you intended to distribute the substances to another person." *Id.* at 14. Bennett

indicated he understood. *Id.* The District Judge then informed him, as to the charge of possession of firearms, "the government would have to prove that you committed the drug trafficking crime charged in Count 3 of the indictment. The government would have to prove that during the commission of the offense, that you knowingly possessed a firearm as charged in the indictment, and the government would have to prove that you possessed the firearm in furtherance of the drug trafficking offense." *Id.* at 15. Bennett indicated that he understood. *Id.* The Court subsequently found that the plea was knowing and voluntary. *Id.* at 24. Bennett then testified that he committed the offenses as alleged.[4] *See id.* at 27-28. As the Court of Appeals noted, albeit in considering a different allegation, "[t]he district court complied with Rule 11's requirements when it informed Bennett about the charges against him, the rights he was giving up by pleading guilty, the statutory maximum and mandatory

---

[4] "The Court: . . . Mr. Bennett, in your own words, tell me what you did insofar as the charges made against you in Counts 3 and 4 of the indictment. [Bennett]: I was driving the car that had those drugs in it. I did sell those drugs. The Court: It was your intention to sell those drugs? [Bennett]: Yes, sir. The Court: How about the possession of the firearms? [Bennett]: They were under the seat. The Court: All right. Were one [sic] of those firearms in your possession? [Bennett]: It was under the seat. Yes, sir. The Court: Well, I know they were under the seat, but I'm asking you about whether or not you possessed one of those firearms during this crime? [Bennett]: Yes, sir." Doc. 53 at 27-28.

minimum sentences, and the fact the Sentencing Guidelines would be used in an advisory capacity in determining his sentence." *Bennett*, 684 F. App'x at 910.

Given that Bennett's complaints about the information he received at the Rule 11 hearing are contradicted by the record, his Motion should be **DENIED** as to Ground One. *See, e.g., United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) ('[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements."); *see also Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *Pena v. United States*, 2017 WL 2111587, at *2 (S.D. Ga. May 15, 2017) ("Movant cannot now escape his sworn testimony at the Rule 11 hearing, that his plea was both knowing and voluntary, only to now claim that it was neither.").[5]

---

[5] Ground One is also procedurally defaulted. "If a defendant fails to raise an issue on direct appeal, he may not present the issue in a § 2255 proceeding unless his procedural default is excused. [Cit.] To overcome a procedural default, a defendant must show either (1) cause and prejudice, or (2) a miscarriage of justice, or actual innocence." *Seabrooks v. United States*, 32 F.4th 1375, 1384 (11th Cir. 2022) (citations omitted). Bennett's only contention concerning his failure to raise his claims concerning the Rule 11 proceeding on direct appeal is that his "[a]ppellant [sic] counsel deliberately bypassed this claim." Doc. 67 at 4. As this Court has explained:

6

In Ground Two, Bennett claims that his trial counsel was ineffective for failing "to inform [him] of the [e]lements of the charge[d] offenses or object to the District Court[']s failure to inform [him] of the [e]lements." Doc. 67 at 5. "To prevail on a claim of ineffective assistance of counsel, a prisoner must prove that his counsel rendered deficient performance and that he was prejudiced by the deficient performance." *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence." *Putman v. Head*, 268 F.3d 1223, 1243 (11th Cir. 2001). As this Court has put it bluntly,

---

"To be certain, a meritorious claim of ineffective assistance of counsel can constitute cause to excuse a procedural default. [Cit.] However, a defendant does not clear the procedural default hurdle merely by invoking the phrase 'ineffective assistance' or making conclusory allegations about counsel's performance. . . . In order to excuse a procedural default . . . the claim of ineffective assistance must have merit. . . . Appellate counsel is not ineffective for failing to raise claims reasonably considered to be without merit." *Walker v. United States*, 2022 WL 1720395, at *13 (S.D. Ga. May 27, 2022) (internal quotation marks, citations, and alterations omitted). Since the Ground One is meritless, it is also, if redundantly, procedurally defaulted.

7

"[a] typical IAC claim succeeds only where counsel has, metaphorically speaking, shot at the side of a barn yet missed." *Lovett v. United States*, 2018 WL 4494201, at *4 n. 3 (S.D. Ga. Apr. 23, 2018) (citing *Sullivan v. Sec'y, Fla. Dept. of Corr.*, 837 F.3d 1195, 1205-06 (11th Cir. 2016)). As to the prejudice prong, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694; *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987) (same); *see also Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[A]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some *conceivable* effect on the outcome of the proceeding is insufficient to show prejudice." (internal cites and quotations omitted) (emphasis added)).

As discussed above, the contention that the District Court failed to inform Bennett of the elements of the charges against him is contradicted by the record. Courts have routinely rejected IAC claims based on counsel's alleged failure to raise a meritless argument. *See, e.g., Taylor v. United States*, 2017 WL 5202358, at *4 (11th Cir. 2017) (citing

8

*Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001)) ("Because [movant's] argument . . . was meritless, counsel's objection would not have been meritorious, and, thus, counsel's performance did not constitute ineffective assistance under *Strickland*."); *see also, e.g., Kelley v. United States*, 2021 WL 4945175, at *6 (S.D. Ga. Sept. 24, 2021) (counsel's failure to raise a meritless argument was not ineffective assistance). Even supposing that Bennett's allegation concerning his counsel's failure to inform his of the elements of the charges were true, the Court's Rule 11 colloquy, which clearly did inform him of those elements, would render that omission harmless. *See, e.g., Burr v. United States*, 2013 WL 6859006, at *3 (D. Mass. Dec. 27, 2013) ("A defendant cannot demonstrate prejudice caused by an alleged ineffectiveness of counsel in explaining the elements of an offense where, as here, the Rule 11 colloquy served to cure any ineffectiveness before the plea was accepted[,]" and collecting cases). Bennett's Motion should, therefore, be **DENIED** as to Ground Two. Doc. 67.

In Ground Three, Bennett asserts that his counsel, who represented him throughout the proceedings in this Court and on appeal, provided ineffective appellate assistance for failing to assert the IAC claim

asserted in Ground Two on direct appeal. *See* doc. 67 at 6-7. "Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under *Strickland*." *Dell v. United States*, 710 F.3d 1267, 1273 (11th Cir. 2013). It is not clear, in the first place, whether Bennett's appellate counsel *could* render ineffective assistance by failing to raise even a meritorious claim that trial counsel was ineffective. *See, e.g., Milligan v. United States*, 213 F. App'x 964, 966 (11th Cir. 2007) (movant's "appellate counsel could not be constitutionally ineffective because [the Court of Appeals] would not have heard his claim for ineffective assistance of trial counsel on direct appeal."). Regardless, like trial counsel, appellate counsel does not render ineffective assistance for failing to raise a meritless argument. *See, e.g., Hobbs v. United States*, 2016 WL 5955312, at *3 (S.D. Ga. Oct. 13, 2016) (citing *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992); *United State v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000)) (referring to "the principle that appellate counsel is not ineffective for failing to raise a meritless argument on appeal."). Since Bennett's claim that the District Judge failed to advise him of the elements of the charges he pleaded guilty to is meritless, trial counsel was not ineffective for

failing to object, and, in turn, appellate counsel was not ineffective for failing to raise the issue on appeal. Accordingly, Bennett's Motion should be **DENIED** as to Ground Three.

Since all three grounds raised in Bennett's Motion are meritless, his Motion should be **DENIED**, doc. 67, and civil action CV422-287 should be **DISMISSED** in its entirety. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time

to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 13th day of December, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA