IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ROEMAIN BENNETT,            )
                            )
    Petitioner,              )
                            )
v.                          )    CASE NO. CV422-287
                            )              CR416-078
UNITED STATES OF AMERICA,   )
                            )
    Respondent.              )
                            )

**O R D E R**

Before the Court is the Magistrate Judge's December 13, 2022, Report and Recommendation (Doc. 3), to which Petitioner has filed objections (Docs. 4, 6).[1] After a careful review of the record,[2]

---

[1] Unless otherwise stated, all citations are to Petitioner's civil docket on this Court's electronic filing system, CV422-287. Additionally, Petitioner first responded to the report and recommendation in a document titled "Request Leave to File 'Objections' to the Report and Recommendation." (Doc. 4.) This handwritten document was apparently prepared on or about December 22, 2022, but it was unsigned. (Id. at 3.) The Clerk of Court docketed this document as a "Motion for Extension of Time to File Objections" and notified Petitioner of the signature deficiency. (Doc. 5.) Petitioner subsequently filed a signature page bearing the date of the first document. (Doc. 6 at 1.) Regardless of the title of the document, the substance of the filing objects to the Magistrate Judge's report and recommendation. (Doc. 4 at 1-3.) Despite the ambiguity in the filing date due to Petitioner's failure to sign the first document, the Court considers Petitioner's objection timely and **DIRECTS** the Clerk of Court to terminate the "motion." (Doc. 4.)

[2] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (outlining the standard of review for report and recommendations (citing Macort

Petitioner's objections are **OVERRULED** (Docs. 4, 6), and the report and recommendation (Doc. 3) is **ADOPTED** as the Court's opinion in this case as modified below. As a result, Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DENIED**. (Doc. 1.)

As the Magistrate Judge summarized, Petitioner pleaded guilty to one count of unlawful possession with intent to distribute heroin and ecstasy and one count of possession of firearms in furtherance of a drug trafficking offense. (Doc. 3 at 1.) Petitioner's conviction and sentence were affirmed on appeal. (Id. (citing United States v. Bennett, 684 F. App'x 909 (11th Cir. 2017)).) Petitioner asserts three grounds for relief in his § 2255 motion, which are all related to his allegation that he was not sufficiently informed by the Court or his counsel of the elements of the charges against him when he pleaded guilty.[3] (Id. at 2.)

The Magistrate Judge recommended denying Petitioner's motion because his complaints about his Federal Rule of Criminal Procedure

---

v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam))). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

[3] The Magistrate Judge noted the "peculiarity" that Petitioner's motion purports to have been placed in his prison's mailing system on March 4, 2018, but was not received by the Clerk of Court until December 5, 2022. (Doc. 3 at 2-3, 3 n.2.) The Court adopts the Magistrate Judge's recognition that, in the absence of evidence to the contrary, Petitioner's motion is deemed timely filed by operation of the "prison mailbox rule." (Id. at 3 (citing Washington v. United States, 243 F.3d 1299, 1301 (11th Cir.

2

Rule 11 hearing were contradicted by the record. (Doc. 3 at 6.) In making this recommendation, the Magistrate Judge quoted the transcript of the Rule 11 colloquy, including the Court's presentation of the elements of the charge and Petitioner's indication that he understood. (Id. at 5, 5 n.4 (quoting CR416-078, Doc. 53 at 15, 27-28).) The Magistrate Judge further relied on the United States Court of Appeals for the Eleventh Circuit's comment that "[t]he district court complied with Rule 11's requirements when it informed Bennett about the charges against him . . . ," among other information. (Id. at 5-6 (quoting Bennett, 684 F. App'x at 910).)

In his objection, Petitioner first argues that the Magistrate Judge incorrectly concluded that the Court informed him of the elements of the charges against him during the Rule 11 colloquy. (Doc. 4 at 1-2.) Petitioner's argument, when liberally construed, is that the Court's Rule 11 colloquy was inadequate because it did not inform him of several technical definitions implicated in the 18 U.S.C. § 924(c) charge. (Id.) Specifically, he objects that the colloquy failed to inform him of the definition of "firearm,"

---

2001)).) Petitioner does not address the timing issues at all in his objection. (Doc. 4.)

3

codified at 18 U.S.C. § 921(a)(3), or the meaning of possession of a firearm "in furtherance of a drug trafficking offense." (Id.)

The Eleventh Circuit has explained that "there is no one mechanical way or precise juncture that a district court is required to inform the defendant of the nature of the charges in a Rule 11 colloquy." United States v. Wiggins, 131 F.3d 1440, 1443 (11th Cir. 1997); see also United States v. Bynum, 785 F. App'x 650, 657 (11th Cir. 2019) (citing United States v. Camacho, 233 F.3d 1308, 1314 (11th Cir. 2000)). In Wiggins, the Eleventh Circuit expressly rejected the defendant's argument "that he was not informed of the charges because the district court had not separately outlined each element of the offense or asked him if he understood those elements." Bynum, 785 F. App'x at 657 (citing Wiggins, 131 F.3d at 1442). There, as here, "the defendant unequivocally admitted to committing the crime, and the district court made a factual finding that the defendant had entered an informed guilty plea based on its observation of him at the plea colloquy." Id.; (CR416-078, Doc. 53 at 27-28.)

Petitioner misconstrues the requirements of Rule 11, and his reliance on United States v. Quinones, 97 F.3d 473 (1996), is clearly distinguishable. In Quinones, the Eleventh Circuit discussed the requirements imposed on guilty plea colloquies by Rule 11. See id. at 474-75. However, in that case, the district court's error resulted from the fact that "[t]hroughout the

4

hearing, the district court never mentioned the elements of the § 924(c) charge of using or carrying a firearm in connection with a drug trafficking crime." Id. at 474. Moreover, the defendant's equivocal guilty plea was insufficient to support the finding that he knew or understood the elements comprising the charge. Id. at 474-75. In contrast, the transcript of Petitioner's Rule 11 hearing reflects that the Court explained the elements of the § 924(c) charge and that Petitioner stated that he understood the charge and wished to plead guilty. (CR416-078, Doc. 53 at 15, 22-24, 27-28.) Accordingly, Petitioner's objection does not undermine the Magistrate Judge's recommendation, and the Court agrees that Petitioner's "complaints about the information he received at the Rule 11 hearing are contradicted by the record . . . ." (Doc. 3 at 6.)

Petitioner also objects to the Magistrate Judge's failure "to address[] the claim of 'Deliberately Bypassed' . . . ." (Doc. 4 at 3 (citing Aron v. United States, 291 F.3d 708 (11th Cir. 2002)).) It is unclear precisely what Petitioner's objection is. Given Ground Three of Petitioner's motion is that his appellate counsel was ineffective for "deliberately [bypassing] a merits claim on direct appeal only to allow petitioner a better merits determination on habeas review," (Doc. 1 at 6), the Court concludes his objection addresses the Magistrate Judge's analysis of this claim. The "merits claim" at issue, therefore, is Petitioner's

5

claim that trial counsel was ineffective for failing to advise him of the elements of the charges against him. (Id. at 5-6.) The Magistrate Judge, however, expressly addressed both claims of ineffective assistance. (Doc. 3 at 7-11.) The Magistrate Judge explained that, given the transcript of the Rule 11 hearing, any objection to that colloquy would have been meritless. (Id. at 8-9.) Moreover, the Magistrate Judge explained that any failure by trial counsel to explain the elements of the charged offenses was rendered harmless by the Court's explanation. (Id. at 9 (citing Burr v. United States, Nos. 13-12710-DPW, 12-10352-DPW, 2013 WL 6859006, at *3 (D. Mass Dec. 27, 2013)).) Since Petitioner's trial counsel was not ineffective, his appellate counsel was not ineffective for failing to raise, that is "deliberately bypassing," such an argument on direct appeal. (Id. at 10-11.) Petitioner's objection does not dispute that analysis.

Considering the Magistrate Judge clearly addressed Ground Three, Petitioner's objection might be directed to the fact that he reached that conclusion without any evidentiary hearing. (Doc. 4 at 3.) To the extent that Petitioner's objection intends to assert that an evidentiary hearing is necessary to dispose of his claim in Ground Three, his own authority undermines his argument. See Aron, 291 F.3d at 715 (noting "we have stated that a district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the

6

record . . ."). The Magistrate Judge concluded that the asserted Rule 11 violation, upon which both assertions of ineffective assistance depend, was "contradicted by the record . . . ." (Doc. 3 at 6 (citing United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005)).) Petitioner's request for an evidentiary hearing is **DENIED**.

For the reasons explained above, Petitioner's objections are **OVERRULED** (Docs. 4, 6), and the report and recommendation (Doc. 3) is **ADOPTED** as the Court's opinion in this case as herein modified. Petitioner's motion (Doc. 1) is **DENIED**. The Clerk of Court is **DIRECTED** to close this case.

Applying the Certificate of Appealability (COA) standards, set forth in Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

SO ORDERED this 30th day of January 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA